Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5128 | **DATE** | 10/12/2012 |
| **CASE TITLE** | Carpenter vs. The Paul Revere Life Insurance Co. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [14] is granted.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

       Defendant's motion to dismiss is granted. Count V of plaintiff's complaint, which asserts a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, does not state a claim separate and independent from his contractual claim. "'When allegations of consumer fraud arise in a contractual setting, the plaintiff must prove that the defendant engaged in deceptive acts or practices distinct from any underlying breach of contract.'" *Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co.,*---F. Supp. 2d---, 2012 WL 1658291, at *15 (N.D. Ill. May 11, 2012) (quoting *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir.2011)). Moreover, even if this claim were not duplicative of plaintiff's contract claim, it is plagued with an additional problem: although plaintiff alleges a series of false statements, intentional misrepresentations, and material omissions by defendant, he does not claim that defendant intended this conduct to dupe him into taking, or forbearing from, any act. Yet intent to induce reliance is a necessary element under the ICFA. *Philadelphia Indem.,* at *14. Here, plaintiff does not allege, for example, that defendant made false representations at the time it sold him the policy in an effort to win plaintiff's business. He simply claims that defendant gave sham reasons for denying his claim. There is simply no basis in the complaint for plaintiff's conclusory assertion, in his brief. that defendant "engaged in these deceptive acts with the intent that [plaintiff] rely on them." *Cf. Elder v. Coronet Ins. Co.*, 558 N.E. 2d 1312, 1320 (Ill. App. Ct. 1990) (allegations that the defendant engaged in a concealed practice of not paying legitimate claims "*in an effort to negotiate settlements at less than a full and fair value*" stated a claim under the ICFA) (emphasis added).

       Counts I and II likewise do not survive defendant's motion. The first of these, styled "declaratory judgment of insurance coverage" seeks the same relief (a judgment that defendant breached the policy and that plaintiff is entitled to benefits), based on the same facts, as his breach of contract claim. Indeed, plaintiff essentially concedes as much, arguing that a judgment on this count "would settle the controversy." As for Count II, the complaint seeks "a decree of specific performance ordering [defendant] to continue to make Total Disability Benefits as they come due in the future under the Policy," and an award of costs.

## STATEMENT

Acknowledging, as he must, that an order mandating the payment of claims that are predicated upon future conditions that may or may not come to pass is precluded by *Morgan v. Aetna Life Ins. Co.*, 157 F.2d 527 (7th Cir. 1946) and *Trainor v. Mutual Life Insurance Co.*, 131 F.2d 895 (7th Cir. 1942), plaintiff clarifies that this count seeks nothing more than an order requiring defendant "to perform its obligations under the terms of the Policy." But this appears to be a distinction without a difference. *See Shyman v. Unum Life Ins. Co. of America*, No. 01 C 7366, 2002 WL 31133244, at *1 (N.D. Ill. Sept. 20, 2002) (Gottschall, J.) (concluding that *Morgan* and *Trainor* controlled claim seeking an order that the ensured was entitled to future disability benefits, even with the caveat, "as long as the insured met the terms and conditions for coverage under the insurance policy.") In essence, this count asks me to enjoin a hypothetical future violation of the policy, but to do so would amount to an inappropriate advisory opinion. *See Harris v. Quinn*, 656 F.3d 692, 700-01 (7th Cir. 2011).